Zimmerman, J.
That part of Section 35, Article II of the Constitution, which is apiilicable here, is as-follows:
“Such board [the Industrial -Commission] shall have full power and authority to hear and determine-whether or not an injury * * * resulted because of the failure of the' employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board, and; *181 its decision shall be final * * *. When it is found, upon hearing, that an injury * * * resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury * * *, and paid in like manner as other awards
Both Sections 8 and 13 in the bulletin referred to' appear under the heading, “General Safety Requirements.”
Section 8 reads:
“Employees shall report to their employer or his-authorized agetít the existence of any unsafe equipment or any other hazard which may come to their knowledge and where such unsafe equipment or hazard; is found to be a violation of this codej steps to correct the same shall be taken.”
Section 13 recites:
“Machines and presses shall be placed upon substantial foundations, floor or other supports, and should, when necessary, be firmly secured in place to prevent moving or shifting.”
Sections 871-15 and 871-16, General Code, provide in general terms that employers shall provide their employees with a safe place to work and shall do those things which may be reasonably necessary to protect the life, health, safety and welfare of such employees.
Do the quoted rules of the Industrial Commission and the Department of Industrial Relations, considered' in connection with Sections 871-15 and 871-16, General Code, constitute “specific safety requirements,” as-claimed by the relator?
As ordinarily understood, a “specific requirement”' is one which demands that some particular and defi *182 nite act or thing be done. By several of its decisions, this court is committed to the principle that the term, “specific requirement,” as used in Section 35, Article II of the Constitution, does not comprehend a general course of conduct or general duties or obligations flowing from the relation of employer and employee, but embraces such lawful, specific and definite requirements or standards of conduct as are prescribed by statute or by orders adopted and promulgated by thé Industrial Commission, and which are of a character plainly to apprise an employer of his legal obligations toward his employees. State, ex rel. Rae, v. Industrial Commission, 136 Ohio St., 168, 24 N. E. (2d), 594; State, ex rel. Davidson, v. Blake et al., Industrial Commission, 145 Ohio St., 102, 60 N. E. (2d), 664.
Before this court could properly do anything for the relator in this mandamus action, it would have to find, first, that some specific requirement contained in the statutes of Ohio or in a rule or order of the Industrial Commission had been violated by relator’s employer and, second, that the Industrial Commission had failed to recognize and apply such specific requirement in relator’s favor.
The rules and statutes relied on by relator are patently general in nature. This court would certainly be overstepping its prerogatives by directing the In- ■ dustrial Commission to interpret such rules and statutes as being specific and to apply them in such a way as to give relator the additional compensation award which he would like to have.
The General Assembly and the Industrial Commission are vested with the power and authority to adopt and promulgate “specific requirements” for the greater protection of employees in the performance of their work. If these agencies have failed to act in an adequate manner, an appeal to them would doubtless be in order.
*183 Without prolonging this opinion, we conclude that the relator is not entitled to(the writ prayed for and the same is, therefore, denied.

Writ denied.

Weygandt, C. J., Matthias, Hart, Sohngen and Stewart, JJ., concur.
Turner, J., concurs in the judgment.